# A. J. YAWGER COMPANY *v.* BUTTZ ET AL.

[No. 7,050. Filed April 19, 1910.]

APPEAL.—*Weighing Evidence.—Contracts.—Core Drilling.*—Where the defendant company hired the plaintiff to do certain core drilling at certain prices, and there was some evidence that, under defendant's direction, and without defendant's objection, he performed the work, defendant cannot escape payment therefor on the ground that the method of doing the work was somewhat changed.

From Superior Court of Marion County (75,221) ; *Vinson Carter,* Judge.

Action by Frank C. Buttz against the A. J. Yawger Company and another. From a judgment for plaintiff, defendant company appeals. *Affirmed.*

*Barrett & Barrett* and *Lew Wallace,* for appellant.
*Henry N. Spaan,* for appellee Frank C. Buttz.

COMSTOCK, J.—The complaint was originally against the A. J. Yawger Company and appellee Adrian J. Yawger. The demurrer of Adrian J. Yawger to the complaint was sustained, and appellant's motion to strike out certain parts thereof, relating to a mechanic's lien, was sustained. Omitting the parts stricken out, the complaint alleges the execution of a written contract, as follows:

"Indianapolis, Indiana, September 5, 1907.

This memorandum of agreement, bearing this date, by and between Frank C. Buttz, of Indianapolis, Indiana, and the A. J. Yawger Company, of the same city, to do core drilling immediately east of Eagle Creek at the following prices:

2-inch holes..................$1.25 per ft.
4-inch holes.................. 1.50 per ft.

It is agreed by both parties that we have the right to order Frank C. Buttz to cease drilling at any time after he has drilled five two-inch holes or more thirty feet deep, and with the further exception that if he drills more than twenty two-inch holes, he is to make the price $1 per foot.

A. J. Yawger Company,
by A. J. Yawger, President.
Frank C. Buttz."

It is further alleged that immediately after said contract was executed plaintiff entered upon the performance thereof, and erected and put in proper position upon the described premises the boilers, engines, shafting, beams, derricks, ropes and drills, and all other structures necessary for the drilling of the holes contemplated by the contract; and plaintiff drilled and furnished the necessary labor and material for drilling said holes as follows:

20 holes at aggregate depth of 464½ feet at $1.25
  per ft...................................$580.62
8 holes at aggregate depth of 115 feet at $1
  per ft................................... 115.00

Total ...............................$695.62

That all of the labor and materials before mentioned, and comprised in said items, were used in drilling the test holes before mentioned, and which were completed about September 19, 1907; that on and about September 23, 1907, defendant, A. J. Yawger Company, became the owner of the real estate described, by receiving a warranty deed from Elizabeth H. Miller, and said A. J. Yawger Company is still the owner of said real estate; that the sum now due to the

plaintiff on the contract before mentioned is $695.62, which amount is wholly unpaid.

Appellant answered by general denial. The action was tried without a jury, resulting in a finding and judgment in favor of plaintiff for $686.87.

The only error assigned is the overruling of appellant's motion for a new trial. Of the reasons assigned in the motion for a new trial the following are relied upon for reversal: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (5) the assessment of the amount of the recovery is erroneous, being too large; (7) the court erred in holding that upon the complaint in this action and the contract sued on the plaintiff might recover the price specified in said contract for more than the first five wells and the additional drilling done on wells No. 7 and No. 17, for the reason that all other drilling, amounting to about 403.4 feet, was not core drilling within the ordinary and true meaning of said term, or within the meaning of said term as used in the art of drilling, or within the intention or purpose of the parties at the time of the execution of said contract.

There is evidence that there were in all twenty-eight holes drilled. For the first twenty, $1.25 a foot was charged; for the last eight, $1 a foot. The object of the drilling was to penetrate the strata of gravel, and find how far below the surface it was, and the quality and depth thereof.

Core drilling can be done by machinery or by hand. It produces the core. A witness testified as follows: "You make a hole in the ground, and take it out, and that produces the core. Your pipe produces the core. The material in the pipe is the core. It can be cut out of the pipe while the pipe is in the ground, or you can take up the pipe and knock it out. One way of making a test for gravel is to draw the sand and gravel out of the pipe while it is in the ground. Another way is to pull the pipe up and knock it

out. Either way is the right way." The method used is a question of convenience. An expert testified, in behalf of appellant, that if a pipe is run down to the depth of from twenty to twenty-seven feet, without having the material drawn up until the pipe is cleaned out, it is not core drilling, unless the entire quantity of material in the pipe is drawn out as a whole, without losing any of it. This witness also testified that in testing for gravel one can tell by the driving itself whether the drill is in dirt or gravel. This witness never sank a well, nor did this kind of work. If the pipe is drawn up and the gravel knocked out of it, the drillers can tell the quality of the gravel. The first hole was drilled, the pipe drawn up and the core knocked out on the ground. The core was cut out of the second hole and thrown into a tub. The third was drilled and the core knocked out on the ground. The fourth core was placed in a tub. Hole number five was dug in the same way and the core tested. By this method the kind of gravel in the bed beneath could be determined. After the first five holes were made, the drilling was changed to hand drilling. All the work was done under the direction of appellant's foreman. No fault was found at the time the drilling was done, and not until the bill was presented after the work had been completed. No objection was made that the drilling was not core drilling. There was evidence to warrant the conclusion of the court that the drilling done was core drilling.

It is claimed by appellant that all but the first five holes were drilled by hand, and that these were on a new contract. This was but a change in the means of the execution of the contract. The change in method was for the purpose of facilitating the work. Appellant desired the work done more rapidly. There is no dispute as to amount of work done or as to the price. It is insisted that appellee could not recover for hand drilling. The court found that the drilling was core drilling, and there was evidence to sus-

tain said finding. The purpose of the drilling was accomplished, and appellant acted upon the conditions disclosed thereby.

Judgment affirmed.